HON. KENNETH R. WOLFF Village Attorney, Mount Kisco
This is in response to your letter of February 23, 1976, requesting the opinion of the Attorney General concerning a potential conflict of interest within the Village of Mount Kisco, which you represent as village attorney. You state that one of the members of the Village Zoning Board of Appeals of Mount Kisco is also an officer in a corporation that holds a New York State liquor license. You inquire as to whether this situation constitutes a conflict of interest.
Municipal conflicts of interest are governed by Article 18 of the General Municipal Law. Section 801 thereof, concerning prohibited conflicts of interest, provides, in pertinent part, as follows:
 "Except as provided in section eight hundred two of this chapter, (1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, when such officer or employee, individually or as a member of a board, has the power or duty to (a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder (b) audit bills or claims under the contract, or (c) appoint an officer or employee who has any of the powers or duties set forth above * * *."
By the express language of the above statute, a conflict of interest can only occur when a municipal officer has an interest in a contract with the municipality which he serves, and then only when such officer has some authority with regard to the approval of the contract. Therefore, the mere fact that a member of the Mount Kisco Village Zoning Board of Appeals is also an officer of a corporation holding a liquor license does not, in and of itself, give rise to a statutory conflict of interest.
Section 128 of the Alcoholic Beverage Control Law provides, in part, that:
 "1. It shall be unlawful for any police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official or subordinate of any police department in the several villages, towns and cities of this state, to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages. * * *"
Since the members of a village zoning board of appeals are not officials of the police department, and do not in any way exercise any of the powers of a policeman, the above-quoted provision of law is not applicable in this instance.
We also note that the common-law doctrine of incompatibility of public office, as codified by Village Law, § 3-300, relates to the holding of two or more public offices and would not be applicable when one of the offices in question is, as in this instance, that of a private corporation.
We conclude, therefore, that no conflict of interest or incompatibility arises when a member of a village zoning board of appeals also serves as an officer of a corporation which holds a New York State liquor license.